SLIP OPINION  2014 Ark. App. 301

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-1009

| | |
|---|---|
| | **Opinion Delivered** May 14, 2014 |
| COVENANT PRESBYTERY<br>APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT [NO.CV-11-101] |
| V. | |
| FIRST BAPTIST CHURCH, OSCEOLA, ARKANSAS<br>APPELLEE/CROSS-APPELLANT | HONORABLE RANDY F. PHILHOURS, JUDGE |
| V. | |
| SUN TRUST BANK, AS TRUSTEE UNDER THE WILL OF STANLEY D. CARPENTER<br>APPELLEE/CROSS-APPELLEE | APPEAL DISMISSED; CROSS-APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

Covenant Presbytery appeals a July 2013 order entered in favor of First Baptist Church, Osceola, Arkansas. First Baptist Church cross-appeals the same order, portions of which favor Sun Trust Bank. Because the circuit court's order is not a final one for appellate-review purposes, we dismiss the direct appeal and the cross-appeal without prejudice.

Sun Trust Bank, acting as trustee under Stanley Carpenter's will, filed a Petition and Request for Instructions and Declaration of Rights in Mississippi County Circuit Court, Civil Division, in 2011. Sun Trust, among other things, asked the court to interpret a testamentary trust that Carpenter's will allegedly established in 1965. The

alleged trust involves 238 acres of farmland near Osceola, Arkansas.  Sun Trust asked the court to determine the rights of two beneficiaries who hold a remainder interest in the farmland pursuant to Paragraph VII in Carpenter's will.  More specifically, the petition asked the court to construe the last sentence of Paragraph VII and determine if Sun Trust had the discretion to sell the farm property and distribute the sale proceeds while Carolyn Schabel was still living; Schabel is the sole remaining life tenant.

No party has raised the issue, but whether an order is final for appeal purposes is a jurisdictional point that we often raise on our own.  Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2013) states that an appeal may—absent some exceptions that do not apply—be taken from a final judgment or decree.  A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy.  *Davis v. Brown*, 2011 Ark. App. 789.  Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay"—which we do not have—an order that fails to adjudicate all of the parties' claims cannot be appealed.  Ark. R. Civ. P. 54(b) (2013).  The circuit court's July 2013 order is not a final one because it does not adjudicate all of Sun Trust's claims for declaratory judgment—including the critical issue of whether Sun Trust has the discretion, under the will's terms, to sell the farm property and distribute the sale proceeds during Carolyn Schabel's life.  The order only addresses distribution of the income stream that the farm generates.  It does not, in the words of Sun Trust's attorney, decide the "ultimate

disposition" of the farm. This oversight is an entrenched jurisdictional defect that we cannot overlook. *Stephens v. Bredemeyer*, 2011 Ark. App. 727.

There is a second finality-related problem. Sun Trust amended its petition and named the Arkansas Attorney General as a party because Sun Trust thought that the Carpenter testamentary trust may be a charitable trust under Ark. Code Ann. § 28-73-110(d) (Repl. 2009). Arkansas Rule of Civil Procedure 54(b)(5) (2013) provides that a claim against a named-but-unserved defendant is dismissed by the circuit court's final judgment or decree. Here, however, the record is murky on whether the Attorney General was served. A bare-bones summons sheet in the record shows that some party was served the same day that Sun Trust amended its petition and named the Attorney General as a party. But that summons sheet does not indicate who was served and with what. Moreover, the record we have does not contain an order that dismisses the Attorney General from this case. So we cannot tell whether the Attorney General was a served or unserved defendant. This uncertainty creates a second jurisdictional problem. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76.

Appeal dismissed; cross-appeal dismissed.

PITTMAN and GRUBER, JJ., agree.

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellant.

*Mike Gibson*; and
*Branch, Thompson, Warmath & Dale, P.A.*, by: *Robert F. Thompson III*, for appellee First Baptist Church, Osceola, Arkansas.

*Rose Law Firm* by: *Craig S. Lair* and *Bourgon B. Reynolds*, for cross-appellee SunTrust Bank.