Cite as 2023 Ark. 15

# SUPREME COURT OF ARKANSAS

No. CV-22-443

|  |  |
|---|---|
|  | **Opinion Delivered:** February 23, 2023 |
| BAPTIST HEALTH D/B/A BAPTIST HEALTH MEDICAL CENTER-LITTLE ROCK, AND DIAMOND RISK INSURANCE, LLC<br>APPELLANTS | |
|  | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-22-985] |
| V. | |
|  | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| KHAMPASITH SOURINPHOUMY<br>APPELLEE | |
|  | DISMISSED. |

**KAREN R. BAKER, Associate Justice**

Appellants Baptist Health d/b/a Baptist Health Medical Center-Little Rock and Diamond Risk Insurance, LLC (collectively "Baptist"), appeal the Pulaski County Circuit Court's order denying Baptist's motion to dismiss appellee Khampasith Sourinphoumy's medical-malpractice complaint. Baptist presents two arguments on appeal: (1) the circuit court erred in denying Baptist's motion to dismiss because Governor Hutchinson lawfully issued Executive Order 20-52; and (2) the circuit court erred in denying Baptist's motion to dismiss because Baptist is immune under the Emergency Services Act passed by the General Assembly. We dismiss the appeal.

On April 14, 2022, Sourinphoumy filed his first amended complaint alleging that from January 2 through March 25, 2021, he was a patient at Baptist receiving treatment for

COVID-19. Sourinphoumy alleged that, during his hospitalization, he was subjected to negligent care and treatment.

On April 25, Baptist filed its motion to dismiss Sourinphoumy's amended complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Baptist argued that the amended complaint was subject to dismissal because Baptist is immune from suit pursuant to Executive Order 20-52. The portion of the executive order at issue provides:

> As Emergency Responders pursuant to Ark. Code Ann. § 12-75-103, Healthcare Providers shall, pursuant to Ark. Code Ann. § 12-75-128, be *immune from liability* for any death, injury, or property damage alleged to have been sustained as a result of any act or omission by such Emergency Responder in the course of providing emergency management functions during this public health emergency if the act or omission occurs as a result of a good faith effort on the part of the Healthcare Provider and was the direct result of the Healthcare Provider's providing Healthcare Services for: (a) the diagnosis, prevention, or treatment of COVID-19; (b) the assessment or care of an individual with a confirmed or suspected case of COVID-19; or (c) the care of any individual who presents at a healthcare facility or to a healthcare professional during the period of the COVID-19 public health emergency. Such immunity shall not extend to an act or omission that is willful, reckless, or intentional misconduct. Healthcare Providers shall also be immune from liability for using any prescription drug or device to treat a known or suspected COVID-19 infection provided that: (i) prescription of the drug or device is within the scope of the Healthcare Provider's license; (ii) the Healthcare Provider prescribes the drug or device in accordance with the most current written recommendation of a U.S. Government agency; and (iii) the Healthcare Provider informs the patient of known positive and negative outcomes of the drug or device and documents the patient's informed consent to the treatment in the patient's medical record.

(Emphasis added.)

On May 9, Sourinphoumy responded that Executive Order 20-52 violates article 2, section 12 and article 5, section 32 of the Arkansas Constitution. Alternatively, if the circuit court disagreed with his constitutional arguments, Sourinphoumy argued that the executive order does not grant immunity for acts or omissions that are "willful, reckless, or intentional misconduct." Sourinphoumy asserted that he sufficiently alleged willful, reckless, or

2

intentional misconduct such that any immunity provided by the executive order would not apply.

On May 23, the circuit court denied Baptist's motion to dismiss. Baptist appeals, arguing that the circuit court erred in denying its motion to dismiss because Executive Order 20-52 is lawful and Baptist is immune from suit under the Emergency Services Act. Baptist argues that the present appeal is authorized by Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure –Civil and case law holding that an appeal may be taken from an order denying a motion to dismiss under Rule 2(a)(2) based on the movant's assertion that it is immune from suit. *State v. Goss*, 344 Ark. 523, 526, 42 S.W.3d 440, 442 (2001). We disagree. *Goss* is distinguishable from the present case. In *Goss*, we recognized our general rule that an appeal may not be taken from an order denying a motion to dismiss. However, we allowed the appeal to proceed because the State argued that the suit against it was barred by the doctrine of sovereign immunity. Pursuant to Rule 2(a)(10), an appeal may be taken from the circuit court to this court from an order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity or the immunity of a government official. Here, neither sovereign immunity nor immunity of a government official is an issue in this case.

Further, while Baptist characterizes the immunity provided by Executive Order 20-52 as immunity from suit, the order plainly states that healthcare providers shall be "immune from liability." We have explained the difference between immunity from suit and immunity from liability: "[i]mmunity from suit is the entitlement not to stand trial, while immunity from liability is a mere defense to a suit." *Smith v. Rogers Grp., Inc.*, 348 Ark. 241,

3

257, 72 S.W.3d 450, 460 (2002). The rationale for an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998). Here, because the immunity at issue is one of liability rather than immunity from suit, we apply our general rule that an appeal may not be taken from an order denying a motion to dismiss. Because the circuit court's order is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

Dismissed.

Special Justice ANNIE HENDRICKS joins in this opinion.

WOOD, J., not participating.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *Graham Talley* and *Cara D. Butler*, for appellants.

*Payne Mitchell Ramsey Law Group*, by: *James L. Mitchell*; and *Law Office of David H. Williams*, by: *David H. Williams*, for appellee.