Cite as 2025 Ark. App. 171

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-23-734

|  |  |
|---|---|
| AMERICAN HEALTH LAW ASSOCIATION<br><br>APPELLANT<br><br>V.<br><br><br>ESTATE OF FRED CUNNINGHAM<br>APPELLEE | Opinion Delivered March 19, 2025<br><br>APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CV-22-11]<br><br><br>HONORABLE ROBERT BYNUM GIBSON III, JUDGE<br><br>MOTION TO DISMISS GRANTED; APPEAL DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

This interlocutory appeal involves the question of whether appellant American Health Law Association ("AHLA"), an arbitration organization, is immune from suit or immune from civil liability. Appellee, Estate of Fred Cunningham ("the Estate"), has moved to dismiss this appeal for want of a final order. Because we conclude that there is no final order in this case, we dismiss the appeal without prejudice.

On September 15, 2023, the Bradley County Circuit Court denied AHLA's motion for summary judgment. In response to the complaint and amended complaint, AHLA had earlier filed a motion to dismiss claiming it was immune. The circuit court denied that motion on April 14, 2023. No appeal was taken from that order. On June 20, 2023, AHLA moved for summary judgment, arguing that the Estate could not establish a claim for

negligence because AHLA is immune from damages pursuant to Arkansas Code Annotated section 16-108-241(a) (Repl. 2016). The September 2023 order denying that motion is now before us on appeal.

However, before we turn to the merits of this case, we must address the Estate's motion to dismiss for lack of a final order. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *See Covenant Presbytery v. First Baptist Church*, 2014 Ark. App. 301; *Davis v. Brown*, 2011 Ark. App. 789. Absent a final order or a properly executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay"—which we do not have—an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b).

The circuit court's order denying summary judgment in this case is not a final order because there is no right to appeal an order denying summary judgment for failure to establish a claim for negligence. The basis of the appeal is the denial of the defense of immunity. The Estate argues that the denial of the motion for summary judgment based on immunity is not an appealable order unless it involves sovereign immunity; therefore, the appeal should be dismissed. We agree.

Arkansas Code Annotated section 16-108-241(a) provides that if applicable, an arbitration organization "is immune from civil damages." Immunity from civil damages is not the same as immunity from suit. Our supreme court held in *Baptist Health v. Sourinphoumy*, 2023 Ark. 15, 659 S.W.3d 689, that precedent permits an appeal only in the

state's defense of sovereign immunity or the immunity of a government official. The court

distinguished between immunity from suit and immunity from liability. In the instant case,

the statute in question provides that if applicable, AHLA would be immune from civil

damages--in other words, immunity from liability and not immunity from suit. As the

*Baptist Health* court noted:

> We have explained the difference between immunity from suit and immunity from liability: "[i]mmunity from suit is the entitlement not to stand trial, while immunity from liability is a mere defense to a suit." *Smith v. Rogers Grp., Inc.*, 348 Ark. 241, 257, 72 S.W.3d 450, 460 (2002). The rationale for an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Newton v. Etoch*, 332 Ark. 325, 965 S.W.2d 96 (1998). Here, because the immunity at issue is one of liability rather than immunity from suit, we apply our general rule that an appeal may not be taken from an order denying a motion to dismiss. Because the circuit court's order is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

The same rationale applies here; as such, we do not have a final order, and this appeal must

be dismissed.[1]

Motion to dismiss granted; appeal dismissed without prejudice.

VIRDEN and BARRETT, JJ., agree.

*PPGMR Law, PLLC*, by: *Brian H. Ratcliff*, *Jim D. Rankin*, and *Samuel S. McLelland*, for

appellant.

---

[1]The failure to enter judgment or an order of dismissal on all claims by all parties against all other parties renders the judgment interlocutory and not subject to appeal, absent an applicable exception to finality recognized by Rule 2 of the Arkansas Rules of Appellate Procedure-Civil. *See Ford Motor Co. v. Washington*, 2012 Ark. 325; *Bulsara v. Watkins*, 2010 Ark. 453. None of those exceptions apply here.

*David A. Couch PLLC*, by: *David A. Couch*, for appellee.